IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHRIS SOAP | § | |
| v. | § | CIVIL ACTION NO. 5:06cv224 |
| FARRIS G. VANN, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING ORDER OF REMAND</u>

The Petitioner Chris Soap, proceeding *pro se*, filed this notice of removal under 28 U.S.C. §1441 seeking to remove a suit for the termination of parental rights filed against him in the District Court for the Cherokee Nation in Oklahoma. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Soap says that he is the father of a minor child named Tristan Burgess, and that the child's grandparents have filed suit in the Cherokee Nation court seeking adoption of the child and the termination of Soap's parental rights. Soap seeks removal based on diversity of citizenship.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition for removal be denied. The Magistrate Judge stated that the removal statute provides for removal to "the district court of the United States for the district and division embracing the place where the action is pending," and that Soap cannot remove a lawsuit pending in Oklahoma to the federal district court in Texas. The Magistrate Judge also noted that Soap failed to meet his burden of showing that the federal district court had jurisdiction in the case, rather than jurisdiction being vested exclusively in the District Court for the Cherokee Nation, nor that the Eastern District of Texas is the proper court to which to remove an action pending in the District Court for the

Cherokee Nation. Consequently, the Magistrate Judge recommended that the petition be remanded to the Cherokee Nation court.

Soap filed objections to the Magistrate Judge's Report on November 1, 2006. These objections say that the petition for termination of parental rights, which he is seeking to remove, fails to show that the District Court for the Cherokee Nation has exclusive jurisdiction, and that the Court cannot assume that this is the case. However, it is Soap's burden to show that the federal court has removal jurisdiction. This contention is without merit.

Next, Soap argues at length that the Indian Child Welfare Act was intended to protect Indians from the jurisdiction of state courts, not federal courts. He says that there has been "nothing coming from the Cherokee Nation court advancing an objection to the removal, but that he, Soap, has registered an objection to the jurisdiction of the Indian court by seeking removal. He goes on to state again that complete diversity exists between the parties, which provides a basis for federal jurisdiction; however, Soap still runs afoul of the fact that the removal statute provides for removal to the district court embracing the place where the action is pending, and the federal district court for the Eastern District of Texas does not embrace the place where the state action was pending.

In response to this, Soap contends that he cannot remove his case to the federal district court in Oklahoma because he is a federal prisoner, and cannot remove his case to a different district for security reasons. He says that he could be brought to court in Texarkana for proceedings, but could not venture to require the U.S. Marshal of a different district to take him to court in Oklahoma, when there is a district court right where he is in prison. He argues that if his case is not heard in federal court in Texarkana, he will be denied access to court. These facts do not create federal jurisdiction where none previously existed. Soap's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's petition for removal is DENIED and that the above-styled civil action be and hereby is REMANDED to the District Court for the Cherokee Nation, for such other and further proceedings as that Court may deem proper. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED, subject to re-urging before that Court.

**SIGNED this 13th day of December, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE